SUN VAPOR STREET LIGHT CO. *v.* CITY OF CEDAR RAPIDS.

*(Circuit Court, N. D. Iowa, E. D.   August 22, 1889.)*

INFRINGEMENT OF PATENTS FOR INVENTIONS—PLEADING.

    Complainant alleged that it was the owner of certain letters patent for improvements in supplying street lamps with oil, and that defendant city, in violation of these patents, was using street lamps with these improvements, and asked an injunction and accounting. Defendant in its answer, among other matters, set out an agreement with a third party to furnish the lamps, and to light and extinguish the same, for a fixed sum. *Held*, that this portion of the answer was pertinent to the issue, and, though it might not constitute a bar, should be considered in determining the relief to be granted.

In Equity.   Bill to restrain infringement of letters patent.

*Charles R. Miller*, for complainant.
*J. N. Whittam*, for defendant.

SHIRAS, J. The bill filed in this cause charges that the complainant corporation is the owner, by assignment, of letters patent No. 222,856, issued to Henry S. Belden for an improvement in the "method and means of supplying street lamps with oil," and of letters patent No. 286,211, issued to Alfred L. Mack for an improvement in a "reservoir for burning fluids;" that the defendant corporation, in violation of complainant's rights, and in infringement of said letters patent, has caused to be made, and has in use upon the streets of said city of Cedar Rapids, a number of street lamps which in their construction embrace the improvements secured by said letters patent; that the defendant has been and is making, by the use of such lamps, large gains and profits, for which an accounting is prayed.

In the answer filed the defendant sets forth that there is in use upon its streets 175 gasoline lamps; that these lamps, and the posts upon which the lamps are placed, are owned by the Western Street Light Company; that by a written contract, set forth in full, between said defendant and said Western Street Light Company, the latter agrees to furnish said lamps and posts, to keep the same in good order, and to light and extinguish the same, for a certain sum per lamp, payable annually by the defendant. To so much of the answer as sets forth the agreement with the Western Street Light Company complainant excepts, upon the ground that the facts thus set forth do not meet the charge of infringement in the bill; that, if the lamps furnished under this written contract do in fact infringe upon the patents owned by complainants, the defendant is a participant in the wrong, and cannot evade responsibility for its acts by showing that the lamps are owned and furnished by another party.

·Granting this to be true, still it does not follow that the exceptions should be sustained. The bill charges that the defendant has caused to be made, and is using upon its streets, a large number of lamps which infringe upon the patents owned by complainant, and that it is making large profits therefrom, of which discovery is prayed. In response to this demand the answer sets forth the facts touching the agreement with the Western Light Company, the ownership of the posts and lamps, and the price paid for the use thereof. In other words, discovery is made of the relation of the city to the lamps, of the interest of the city therein, and the price paid therefor. These are matters pertinent to the issues, and which must be considered in determining the relief to be granted, in case a decree goes for complainant. The fact that they may not constitute a bar to complainant's right of recovery does not render them immaterial, and they are properly set forth in the answer in response to complainant's demand for a discovery of the use made by defendant of lamps infringing upon the patents declared on, and of the profits derived therefrom. Exceptions are overruled.